**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NURA AMEENA NYIIRAH
HAAMID BEY,

    Plaintiff,

v.                                          Case No. 8:19-mc-14-T-33AAS

GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

Nura Ameena Nyiirah Haamid Bey requests reconsideration of the February 14th order denying his motion for a writ of habeas corpus. (Doc. 3). Federal Rule of Civil Procedure 60(b) states:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged; it is

>based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

*See also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (holding Rule 60(b) may apply to habeas-corpus petitions).

Haamid Bey apparently argues the February 14th order violated his due-process rights because the order denied his habeas-corpus petition. (Doc. 3). The February 14th order explained how prisoners use writs of habeas corpus to challenge his or her allegedly illegal imprisonment. (Doc. 2) (citations omitted). The order denied the motion for writ of habeas corpus because Haamid Bey is not currently imprisoned. (*Id.*).

In the motion for reconsideration, Haamid Bey claims he is "unlawfully confined, restrained, held, and liberty taken in every way (imprisoned)" by Polk County and the state of Florida. (Doc. 3, p. 2). But Haamid Bey is not currently incarcerated, and Polk County and the state of Florida are in no way restraining or otherwise holding him. Therefore, consistent with the February 14th order, a writ of habeas corpus is inappropriate. Haamid Bey establishes no other factor under Rule 60(b) to obtain relief from the February 14th order. His motion for reconsider (Doc. 3) is therefore **DENIED**.

**ORDERED** in Tampa, Florida, on February 27, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge